UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLAN D. SCHUBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-03920 (UNA) |
| ) | |
| KENNETH ADEBONOJO, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a federal inmate currently designated to FCI McDowell, located in Welch, West Virginia, sues an Assistant United States Attorney. *See* Compl. at 1–2. Plaintiff alleges that defendant engaged in professional misconduct arising from his defense of the Federal Bureau of Prisons ("BOP") in a FOIA matter that he previously filed in this District, *Schubert v. BOP*, No. 22-cv-03658 (CKK) (D.D.C. filed Nov. 2, 2022) ("FOIA Case"). *See id.* at 2–5. More specifically, plaintiff alleges that, in that FOIA Case, he never received a copy of the BOP's answer, FOIA Case at Dkt. 18, filed on May 9, 2023, or a BOP status report ("SR"), *id.* at Dkt. 20, filed on June 12, 2023, *see* Compl. at 2–3. He also contends that he did not initially receive a copy of BOP's motion for summary judgment ("MSJ"), FOIA Case at Dkt. 23, filed on July 28, 2023, and that, on September 27, 2023, he was forced to move for an extension of time, *id.* at Dkt. 25, to respond

to the motion for summary judgment, as he did not yet have a copy of same, *see* Compl. at 3. On October 2, 2023, the court granted plaintiff's motion for extension of time, directing him to respond by November 8, 2023, and it also mailed a courtesy copy of BOP's motion for summary judgment to his address of record. *See* FOIA Case at Minute Order (entered Oct. 2, 2023). Thereafter, plaintiff filed a timely opposition ("Opp'n"), *id.* at Dkt. 28, to the motion for summary judgment, and on January 29, 2024, after review of the entire record, the Court granted BOP's motion and closed the case, *id.* at Order, Dkt. 30; Memorandum Opinion, ECF No. 31. Plaintiff alleges that, in purportedly failing to comply with mandatory service requirements, defendant violated several professional conduct rules memorialized in the D.C. Local Rules, the D.C. Bar Rules of Professional Conduct, and in the Department of Justice's ("DOJ's") Code of Conduct. *See* Compl. at 3–5 (citing 28 CFR § 0.39; D.C. LCvR 83.12, 83.16; D.C. Rules of Prof'l Conduct R. 3.4, 8.4).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

First, plaintiff's "complaint neither presents a federal question nor pleads the requisite amount in controversy to establish diversity jurisdiction, and the authority to discipline attorneys under the supervision of this Court . . . is conferred" not upon this District, but "upon the Committee on Grievances." *Matthews v. Pauze*, No. 14–248, 2014 WL 667359, at *1 (D.D.C. Feb. 18, 2014) (citing D.C. LCvR 83.12, 83.14) (dismissing case where plaintiff sought disciplinary action against an Assistant United States Attorney who he alleged engaged in misconduct in

another federal case); *In re Kinard*, No. 17-1548, 2017 WL 11606023, at *1 (D.D.C. Aug. 18, 2017) (dismissing case and finding that, although plaintiff had filed a civil complaint, it was "not a civil action," because plaintiff alleged "professional misconduct on the part of . . . a former Assistant United States Attorney[,]" which is "a matter more appropriately addressed by the Committee on Grievances."), *appeal dismissed*, No. 18-5039, 2018 WL 11301538 (D.C. Cir. Dec. 13, 2018*), cert. denied sub. nom. Kinard v. United States Dist. Ct. for the Dist. of Columbia*, 140 S.Ct. 207 (2019).  Indeed, an alleged "violation of a Rule of Professional Conduct does not independently give rise to a cause of action[.]" *Wagshal v. Rigler*, 947 F. Supp. 10, 14 (D.D.C. 1996).  Likewise, this court does not have authority to take action pursuant to 28 CFR § 0.39, which strictly authorizes the DOJ's Office of Professional Responsibility, and not this court, to investigate disciplinary charges and initiate disciplinary proceedings against Assistant United States Attorneys.  *See United States v. Hasting*, 461 U.S. 499, 506 n.5 (1983); *Bartko v. Dep't of Justice*, 898 F.3d 51, 65–66 (D.C. Cir. 2018); *Doe v. Dep't of Justice*, 753 F.2d 1092, 1099–100 (D.C. Cir. Feb. 1, 1985).

Second, as pleaded, the Court does not find any inference of misconduct. A simple review of the docket in plaintiff's FOIA Case[1] reveals that he was transferred from FCI Yazoo, located in Yazoo City, Missouri, to FCI McDowell, on or about June 5, 2023, and when he filed his notice of change of address on June 9, 2023, plaintiff specifically indicated that (1) he did not have the means to notify defendant of his change or address, and (2) he anticipated a delay in receiving his legal mail  uring and after this transfer, *see* FOIA Case at Notice of Change of Address, Dkt. 21 (filed June 9, 2021). Both BOP's status report and its motion for summary judgment were indeed

---

[1]     A court may take "judicial notice of facts on the public record" in other proceedings. *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

filed around the time of plaintiff's transfer, *see generally* SR; MSJ, which likely explains plaintiff's lack of receipt.  To that end, defendant included certificates of service upon filing both of those submissions on behalf of BOP, and those certificates indicate that the status report and motion were mailed to plaintiff at FCI Yazoo, not FCI McDowell.  *See* SR at 4; MSJ at 3.  Upon notice of plaintiff's lack of receipt of the motion for summary judgment, defendant filed a second certificate of service, indicating that it mailed another copy of the motion to plaintiff at FCI McDowell.  *See id*. at Certificate of Service, Dkt. 26 (filed Oct. 5, 2023).  Plaintiff then ultimately received a copy of the dispositive motion, and he then filed his opposition to that motion for the court's consideration, thus suffering no prejudice.  *See generally* Opp'n.  Moreover, to whatever extent plaintiff seeks relief arising from the proceedings in his FOIA Case, he must file for such relief in that case.  *See* Fed. R. Civ. P. 59(e), 60(a)–(b).

      For all of these reasons, this case is dismissed without prejudice.  An order consistent with this memorandum opinion is issued separately.

Date:   April 8, 2024

                                        *Tanya S. Chutkan*
                                        TANYA S. CHUTKAN
                                        United States District Judge